[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  19-14191
Non-Argument Calendar

_____

D.C. Docket No. 8:03-cr-00343-JSM-AAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALD WRIGHT,
a.k.a. Fella

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 13, 2020)

Before ROSENBAUM, NEWSOM and BRASHER, Circuit Judges.

PER CURIAM:

Gerald Wright appeals the district court's denial of his motion for a sentence

reduction under the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391,

§ 404, 132 Stat. 5194, 5194.  Following our decision in *United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020), Wright moved for summary reversal, arguing that the district court erred in finding him ineligible for relief under the First Step Act because of the drug quantity attributed to him at his sentencing.  The government did not oppose Wright's motion for summary reversal.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review *de novo* whether a district court had the authority to modify a term of imprisonment.  *Jones*, 962 F.3d at 1296.  We review the district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for an abuse of discretion.  *Id.*  A district court abuses its discretion when it "applies an incorrect legal standard."  *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015) (quotation marks omitted).

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits.  18 U.S.C.

2

§ 3582(c)(1)(B). The First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment. *Jones*, 962 F.3d at 1297.

The Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("Fair Sentencing Act"); *see Dorsey v. United States*, 567 U.S. 260, 268-69 (2012). Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams. Fair Sentencing Act § 2(a)(1)-(2); *see also* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii). These amendments were not made retroactive to defendants who were sentenced before the enactment of the Fair Sentencing Act. *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012).

In 2018, Congress enacted the First Step Act, which made retroactive the statutory penalties for covered offenses enacted under the Fair Sentencing Act. *See* First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194. Under § 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Id*. § 404(b). The statute defines "covered offense" as "a violation of a Federal criminal statute, the

3

statutory penalties for which were modified by section 2 or 3 of the Fair

Sentencing Act . . . , that was committed before August 3, 2010." *Id.* § 404(a).

The First Step Act further states that "[n]othing in this section shall be construed to

require a court to reduce any sentence pursuant to this section." *Id*. § 404(c).

In *Jones*, decided after the district court denied Wright relief, we considered

the appeals of four federal prisoners whose motions for a reduction of sentence

pursuant to § 404(b) were denied in the district courts. *See Jones*, 962 F.3d at

1293. First, we held that a movant was convicted of a "covered offense" if he was

convicted of a crack-cocaine offense that triggered the penalties in

§ 841(b)(1)(A)(iii) or (B)(iii). *Id.* at 1301. Interpreting the First Step Act's

definition of a "covered offense," we concluded that the phrase "the statutory

penalties for which were modified by section 2 or 3 of the Fair Sentencing Act"

(the "penalties clause") modifies the term "violation of a Federal criminal statute."

*Id.* at 1298; *see* First Step Act § 404(a). Thus, "a movant's offense is a covered

offense if section two or three of the Fair Sentencing Act modified its statutory

penalties." *Jones*, 962 F.3d at 1298. Because section two of the Fair Sentencing

Act "modified the statutory penalties for crack-cocaine offenses that have as an

element the quantity of crack cocaine provided in subsections 841(b)(1)(A)(iii) and

(B)(iii)," a movant has a covered offense if he was sentenced for an offense that

triggered one of those statutory penalties. *Id.*

4

District courts must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment, to determine whether the movant's offense triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii) and, therefore, was a covered offense. *Id.* at 1300-01. We rejected the government's argument that, when conducting this inquiry, the district court should consider the actual quantity of crack cocaine involved in the movant's violation. *Id.* at 1301. Rather, the district court should consider only whether the quantity of crack cocaine satisfied the specific drug quantity elements in § 841—in other words, whether his offense involved 50 grams or more of crack cocaine, therefore triggering § 841(b)(1)(A)(iii), or between 5 and 50 grams, therefore triggering § 841(b)(1)(B)(iii). *Id.*

Accordingly, any actual amount of drugs involved in the movant's offense beyond the amount related to his statutory penalty is not relevant to whether he was convicted of a covered offense. *Id.* at 1301-02. However, contrary to the movants' arguments, a judge's actual drug-quantity finding remains relevant to the extent that the judge's finding triggered a higher statutory penalty. *Id.* at 1302. Thus, a movant sentenced prior to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in which the Supreme Court held that facts, such as a drug quantity, that increase a defendant's statutory maximum must be made by a jury, cannot "redefine his offense" to one triggering a lower statutory penalty simply because the district

5

court, not a jury, made the drug-quantity finding relevant to his statutory penalty. *See id.*

Applying this inquiry to the four movants in *Jones*, we concluded that all four were sentenced for covered offenses because they were all sentenced for offenses whose penalties were modified by the Fair Sentencing Act. *Id.* at 1302-03. Specifically, similar to the situation in the instant case, we determined that one movant, Thomas Johnson—who was charged in 2008 with five grams or more of crack cocaine and found by a jury to be responsible for that drug amount—was convicted of a covered offense. *Id*. at 1295, 1303. We determined that, because the Fair Sentence Act modified the statutory penalties for offenses that involved five grams or more of crack cocaine, his offense qualified as a covered offense as well. *Id.* at 1303.

Next, we explained that a movant's satisfaction of the "covered offense" requirement does not necessarily mean that the district court is authorized to reduce his sentence. *Id.* Specifically, the "as if" qualifier in Section 404(b) of the First Step Act, which states that any reduction must be "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed," imposes two limitations on the district court's authority. *Id.* (quotation marks omitted) (alteration in original); *see* First Step Act § 404(b). First, the district court cannot reduce a sentence where the movant received the

6

lowest statutory penalty that would also be available to him under the Fair Sentencing Act. *Jones*, 962 F.3d at 1303. Second, in determining what a movant's statutory penalty would have been under the Fair Sentencing Act, the district court is bound by a previous drug-quantity finding that was used to determine the movant's statutory penalty at the time of sentencing. *Id.* Moreover, the Constitution does not prohibit district courts from relying on judge-found facts that triggered statutory penalties prior to *Apprendi*. *See id* at 1303-04.

Applying these limitations, we held that if a movant's sentence necessarily would have remained the same had the Fair Sentencing Act been in effect—in other words, if his sentence was equal to the mandatory minimum imposed by the Fair Sentencing Act for the quantity of crack cocaine that triggered his statutory penalty—then the Fair Sentencing Act would not have benefitted him, and the First Step Act does not authorize the district court to reduce his sentence. *Id.* at 1303.

Applying this "as-if" framework, we affirmed the denials of two of the movants' motions, but vacated and remanded as to the others because the district courts had authority to reduce their sentences under the First Step Act, but it was unclear whether the courts had recognized that authority. *Id.* at 1304-05. Specifically, as to movant Johnson, we noted it was unclear whether the district court recognized that it had the authority to reduce his sentence, which was already below the reduced guideline range. *Id.* at 1305. We held that it was error for the

7

district courts to conclude that a movant was ineligible based on (1) a higher drug-quantity finding that was made for sentencing—not statutory—purposes, (2) a movant's career-offender status, or (3) a movant's sentence being at the bottom of the guideline range.  Because it was ambiguous whether the district courts denied their motions for one of those reasons, we vacated and remanded the denials for further consideration.  *Id.* at 1305.

Finally, we noted that, although a district court may have the authority to reduce a sentence under Section 404 of the First Step Act, it is not required to do so.  *Id.* at 1304.  We held that a district court has wide latitude to determine whether and how to exercise its discretion, and that it may consider the 18 U.S.C. § 3553(a) factors and a previous drug-quantity finding made for the purposes of relevant conduct.  *Id.* at 1301, 1304.

Here, applying the framework in *Jones*, the district court erred in finding Wright ineligible for relief under § 404 of the First Step Act.  Wright was sentenced for a "covered offense" under Section 404(b) of the First Step Act.  He was charged in 2003 with conspiracy to possess with intent to distribute "fifty (50) grams or more" of crack cocaine, and possession with intent to distribute "fifty (50) grams or more" of crack cocaine.  Both the indictment and the jury verdict made a drug-quantity finding of 50 grams or more of crack cocaine.  Based on the drug amount in his indictment and jury verdict, the statutory penalty for his

8

offenses originally was a term of not less than 20 years' imprisonment to life imprisonment.  However, the same offenses would not lead to the same statutory range because the Fair Sentencing Act modified the statutory penalties for his offenses by raising the amount triggering those statutory penalties to 280 grams. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2012).  Thus, because that Act modified his statutory penalties, Wright's offenses qualified as covered offenses.  *See Jones*, 962 F.3d at 1301.

Further, the district court had the authority to reduce Wright's total sentence. Wright's mandatory statutory penalty at the time of sentencing would not be the same under the Fair Sentencing Act.  *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2012). Thus, Wright's total sentence of 360 months' imprisonment was not the lowest statutory penalty that would be available to him under the Fair Sentencing Act, and the district court had the authority to reduce his total sentence.  *See Jones*, 962 F.3d at 1303-04.  As such, Wright was eligible for relief under § 404 of the First Step Act.

Accordingly, because Wright's position is clearly correct as a matter of law, we GRANT his motion for summary reversal and return the case to the district court for further proceedings.